_____

No. 95-2559
_____

Petri R. Carmen; Laila T.           *
Kujala-Carmen, family and           *
friends of Petri R. Carmen,         *
                                    *
            Appellants,             *
                                    *
      v.                            *   Appeal from the United States
                                    *   District Court for the
Mayo Foundation, doing business     *   District of Minnesota.
as Mayo Clinic; St. Mary's          *
Hospital; Rochester Methodist       *   **[UNPUBLISHED]**
Hospital,                           *
                                    *
            Appellees.              *
                                   _____

            Submitted:  March 26, 1996

                Filed:  March 27, 1996
                                   _____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
                                   _____

PER CURIAM.


      Petri and Laila Kujala-Carmen filed a pro se diversity medical malpractice action alleging defendants negligently diagnosed and treated Petri for various medical problems.  The district court[1] concluded that the Carmens' malpractice claims were outside the common knowledge of the lay juror, and thus the requisite standard of care, causation, and damages could not be established without expert testimony.  Citing Minn. Stat. § 145.682, the district court dismissed, on defendants' motion, the Carmens' complaint with prejudice for failing to comply with the statute's expert identity

_____

[1]The HONORABLE RICHARD H. KYLE, United States District Judge for the District of Minnesota.

and opinions affidavit requirement, and this appeal followed.

We agree with the district court that expert testimony was necessary for the Carmens to pursue their malpractice action, and that the Carmens' failure to comply with Minnesota's expert affidavit requirements mandated dismissal with prejudice. See Sorenson v. St. Paul Ramsey Medical Ctr., 457 N.W.2d 188, 190 (Minn. 1990). We reject the Carmens' attempt to supplement the record with regard to this claim, and grant defendants' motion to strike the newly submitted evidence. See Dakota Indus., Inc. v. Dakota Sportswear, Inc., 988 F.2d 61, 63 (8th Cir. 1993).

As to the Carmens' argument that the statute unconstitutionally violates their Seventh Amendment right to a jury trial, we see no merit to the contention that a party who has failed to present a prima facie case has a right to a jury trial. We do not consider the Carmens' remaining constitutional arguments presented for the first time on appeal. See United States v. Dixon, 51 F.3d 1376, 1383 (8th Cir. 1995).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-